UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES WALKINE, as next friend of
LASHAR SMITH,

    Petitioner,

v.                                                                                     Case No. 3:25-cv-469-WWB-PDB

SHERIFF OF BAKER COUNTY
SHERIFF'S OFFICE, et al.,

    Respondents.
_____

## **<u>ORDER</u>**

THIS CAUSE comes before the Court on an Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("**Petition**"; Doc. 1), filed on April 29, 2025, by James Walkine as "next friend" of his fiancée, Lashar Smith, who has been detained at the Baker County Detention Center on an immigration charge since March 18, 2025. The Petition alleges that Smith is a confidential informant for the Department of Homeland Security and the Drug Enforcement Administration, who is still working on an open investigation involving some politicians, and that her deportation to the Bahamas—a country where she is helping the federal government investigate drug traffickers—will result in her death. (Doc. 1 at 2, 6; Doc. 1-1 at 3; Doc. 1-2 at 2, 4; Doc. 1-3 at 5–6, 12). The Petition asks for Smith's immediate release from custody. (Doc. 1 at 7).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of

incompetence, is unable to initiate a habeas action herself. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). However, "'[n]ext friend' standing is by no means granted automatically . . . ." *Id.* at 163. The would-be next friend must provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts. *Id.*

Walkine does not demonstrate that "next friend" status is appropriate. There is no indication Smith is mentally incompetent or has been denied access to the courts. Because Walkine does not demonstrate the propriety of "next friend" status, he lacks standing to initiate this action on Smith's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.")[1]; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

---

[1] Any unpublished opinions are cited as persuasive authority. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

3. If Petitioner appeals this Order, the Court denies a certificate of appealability.² Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on May 1, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

c:   James Walkine

---

² The court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon consideration of the record as a whole, the Court denies a certificate of appealability.